**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA DIVISION**

THOMAS HANES, Individually and For Others Similarly Situated,

Plaintiff,

v.

ROQ US, LLC, a Washington limited liability company,

Defendant.

**Case No.** 3:25-cv-06076

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

FLSA Collective Action
Rule 23 Class Action

## SUMMARY

1. Thomas Hanes ("Hanes") brings this class and collective action lawsuit against ROQ US, LLC ("ROQ") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), the Colorado Wage Claim Act ("CWCA"), the Colorado Minimum Wage Act ("CMWA"), the New York Labor Laws ("NYLL"), and the California Labor Code & applicable Wage Order(s).

2. ROQ employed Hanes as one of its Day Rate Workers (defined below) in Texas, Georgia, Tennessee, Idaho, Alabama, Illinois, Oklahoma, Missouri, North Carolina, California, Florida, Minnesota, Colorado, New York, and Wisconsin.

3. Hanes and the other Day Rate Workers regularly work more than 8 hours a day and 40 hours a week.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

4. In fact, Hanes and the other Day Rate Workers regularly work 10 to 12 hours a day for up to 7 days a week.

5. But ROQ does not pay Hanes and its other Day Rate Workers overtime.

6. Instead, ROQ misclassifies Hanes and its other Date Workers as independent contractors and pays them a flat amount for each day worked, regardless of the total number of hours they worked in a workweek (a "day rate").

7. ROQ pays Hanes and its other Day Rate Workers under its uniform day rate pay scheme regardless of any individualized factors.

8. ROQ's uniform day rate pay scheme violates the FLSA, the IMWL, the CWCA/CMWA, the NYLL, and the California Labor Code & applicable Wage Order(s) by depriving Hanes and the other Day Rate Workers of overtime wages for all hours worked after 40 in a workweek.

9. Further, ROQ's uniform day rate pay scheme violates the California Labor Code & applicable Wage Order(s) by depriving Hanes and the other California Day Rate Workers (defined below) of overtime wages for all hours worked after 8 in a workday.

10. Likewise, ROQ's uniform day rate pay scheme violates the California Labor Code & applicable Wage Order(s) by depriving Hanes and the other California Day Rate Workers of double time wages for all hours worked over 12 hours in a workday and/or hour worked on their seventh consecutive workday.

11. Further, in addition to depriving Hanes and the other California Day Rate Workers overtime wages, ROQ also fails to provide these workers with compliant meal and rest periods.

12. Instead, ROQ requires Hanes and the other California Day Rate Workers to remain on duty and to perform work through their shifts and fails to provide them with bona fide, timely, and compliant meal and rest periods.

13. Despite depriving Hanes and the other California Day Rate Workers of their required meal and rest periods, ROQ does not pay them the required premium pay for each deprived meal and rest period in violation of the California Labor Code & applicable Wage Order(s).



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

14. Finally, ROQ also fails to provide timely, accurate, and compliant wage statements to Hanes and the other California Day Rate Workers in violation of the California Labor Code & applicable Wage Order(s).

## JURISDICTION & VENUE

15. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

16. This Court also has supplemental jurisdiction over the state law claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

17. This Court has general personal jurisdiction over ROQ because it is a Washington limited liability company and maintains its principal place of business in Washington.

18. Venue is proper because ROQ maintains its principal place of business in Vancouver, Washington, which is in this District and Division. *See* 28 U.S.C. § 1391(b)(1).

## PARTIES

19. Hanes worked for ROQ as a Technician in Texas, Georgia, Tennessee, Idaho, Alabama, Illinois, Oklahoma, Missouri, North Carolina, California, Florida, Minnesota, Colorado, New York, and Wisconsin from approximately October 2020 through October 2024.

20. From October 2020 through December 2023,[1] ROQ misclassified Plaintiff as an independent contractor to avoid paying overtime wages.

21. Instead, from October 2020 through December 2023, ROQ paid Hanes a day rate with no overtime in violation of the FLSA, the IMWL, the CMWA/CWCA, the NYLL, and the California Labor Code & applicable Wage Order(s).

22. Hanes's written consent is attached as **Exhibit 1**.

23. Hanes brings this class and collective action on behalf of himself and all other similarly situated workers who ROQ paid under its illegal day rate pay scheme.

[1] Despite making no material changes to his employment, in January 2024, ROQ reclassified Hanes as its direct employee and began paying him a salary.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

24. ROQ paid each of these workers a flat amount for each day they worked and failed to pay them overtime when they worked more than 40 hours in a workweek.

25. The **"FLSA Collective"** of similarly situated employees is defined as:

> **All individuals who worked for, or on behalf of, ROQ who were paid a day rate with no overtime at any time during the past 3 years (the "FLSA Day Rate Workers").**

26. Hanes also seeks to represent such a class pursuant to FED. R. CIV. P. 23 and his respective state law claims under the IMWL, the CMWA/CWCA, the NYLL, and the California Labor Code & applicable Wage Order(s).

27. The **"California Class"** of similarly situated employees is defined as:

> **All individuals who worked for, or on behalf of, ROQ in California who were paid a day rate with no overtime at any time during the past 4 years (the "California Day Rate Workers").**

28. The **"Colorado Class"** of similarly situated employees is defined as:

> **All individuals who worked for, or on behalf of, ROQ in Colorado who were paid a day rate with no overtime at any time during the past 3 years (the "Colorado Day Rate Workers").**

29. The **"Illinois Class"** of similarly situated employees is defined as:

> **All individuals who worked for, or on behalf of, ROQ in Illinois who were paid a day rate with no overtime at any time during the past 3 years (the "Illinois Day Rate Workers").**

30. The **"New York Class"** of similarly situated employees is defined as:

> **All individuals who worked for, or on behalf of, ROQ in New York who were paid a day rate with no overtime at any time during the past 6 years and 228 days[2] (the "New York Day Rate Workers").**

---

[2] This class period is due to Governor Cuomo's Executive Orders that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for a total of 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law);



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

31. The FLSA Day Rate Workers, California Day Rate Workers, Colorado Day Rate Workers, Illinois Day Rate Workers, and the New York Day Rate Workers are collectively referred to as the "Day Rate Workers."

32. ROQ is a Delaware limited liability company headquartered in Vancouver, Washington.

33. ROQ may be served with process through its registered agent: **CT CORPORATION SYSTEM, 711 CAPITOL WAY S STE 204, OLYMPIA, WA, 98501-1267**, or wherever it may be found.

**FLSA COVERAGE**

34. At all relevant times, ROQ was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

35. At all relevant times, ROQ was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

36. At all relevant times, ROQ was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and tools—that have been moved in or produced for commerce. 29 U.S.C. §203(s)(1).

37. At all relevant times, ROQ had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

38. At all relevant times, Hanes and the other Day Rate Workers were ROQ's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

39. At all relevant times, ROQ uniformly dictated their pay and other employment practices and exercised control over the manner and means of their work.

---

*McLaughlin v. Snowlift Inc.*, 71 Misc. 3d 1226(A) (Sup. Ct., Kings Cnty. 2021) (calculating that, together, Governor Cuomo's Executive Orders lasted 228 days).



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

40. ROQ's misclassification of Hanes and the other Day Rate Workers as independent contractors does not alter their status as employees for purposes of the FLSA.

41. ROQ uniformly paid Hanes and its other Day Rate Workers under its illegal day rate pay scheme, paying them a set amount per day worked, regardless of the actual number of hours they worked that day (or that week) without overtime pay.

42. ROQ applied its illegal day rate pay scheme to Hanes and its other Day Rate Workers regardless of any individualized factors, such as geographic location.

43. As a result of ROQ's uniform day rate pay scheme, Hanes and the other Day Rate Workers did not receive premium overtime wages for their hours worked over 40 in a workweek.

44. ROQ's uniform day rate pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a).

## FACTS

45. ROQ bills itself as the premier screen-printing equipment provider that provides its customers "with the most technologically advanced printing machines and services that reduce the industry's environmental impact[.]"[3]

46. To meet its business objectives, ROQ hires workers, like Hanes and the other Day Rate Workers, who provide the print screen services and equipment it markets to its customers across the country.

47. ROQ misclassifies these workers (including Hanes and the other Day Rate Workers) as independent contractors to avoid paying them overtime wages.

48. But ROQ does not hire Hanes and the other Day Rate Workers on a project-by-project basis.

49. Rather, ROQ hires and treats Hanes and the other Day Rate Workers just like regular employees.

50. Despite misclassifying Hanes and the other Day Rate Workers as independent contractors, ROQ controls all meaningful aspects of their employment.

---

[3] https://www.roq.us/our-story-and-team (last visited December 1, 2025).



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

51. ROQ controls Hanes's and the other Day Rate Workers' rate and method of pay.

52. ROQ controls Hanes's and the other Day Rate Workers' schedules and assignments.

53. ROQ controls Hanes's and the other Day Rate Workers' work.

54. ROQ requires Hanes and the other Day Rate Workers to follow ROQ's policies, procedures, protocols, specifications, and work orders.

55. Hanes's and the other Day Rate Workers' work must strictly adhere to the quality standards put in place by ROQ.

56. Hanes and the other Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

57. Indeed, the daily and weekly activities of Hanes and the other Day Rate Workers are routine and largely governed by standardized plans, procedures, and checklists created by ROQ.

58. Virtually every job function is predetermined by ROQ, including the tools and equipment used, installed, and/or serviced at the job site; the schedule of work; and related work duties.

59. Without the job Hanes and the other Day Rate Workers perform, ROQ would not be able to complete its business objective of providing print screen services and equipment to its customers.

60. The work Hanes and the other Day Rate Workers perform is an essential and integral part of ROQ's core print screen service and equipment provider business.

61. Hanes and the other Day Rate Workers rely on ROQ for work and compensation.

62. Hanes and the other Day Rate Workers cannot subcontract out the work they are assigned by ROQ.

63. Hanes and the other Day Rate Workers do not substantially invest in the tools and equipment required to complete the overall job to which they are assigned.

64. Rather, ROQ incurs the large-scale business and operating expenses like marketing, payroll, print screen products, and equipment.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

65. Hanes and the other Day Rate Workers do not market their services while employed by ROQ.

66. ROQ sets Hanes's and the other Day Rate Workers' work schedule, which prohibits them from working other jobs while working for ROQ.

67. At all relevant times, ROQ has maintained control, oversight, and direction of Hanes and the other Day Rate Workers, including, but not limited to, hiring, firing, disciplining, and other employment practices.

68. In sum, as a matter of economic reality, Hanes and the other Day Rate Workers are ROQ's employees.

69. ROQ pays Hanes and all its other Day Rate Workers under its uniform, illegal day rate pay scheme.

70. ROQ routinely schedules Hanes and the other Day Rate Workers to work more than 40 hours a week.

71. Indeed, Hanes and the other day rate workers typically work for 10 to 12 hours a day for 5 to 7 days a week.

72. While exact job title and job duties may differ, Hanes and the other Day Rate Workers are subjected to the same illegal pay practice (ROQ's illegal day rate pay scheme) for similar work.

73. For example, ROQ employed Hanes as a Technician in Texas, Georgia, Tennessee, Idaho, Alabama, Illinois, Oklahoma, Missouri, North Carolina, California, Florida, Minnesota, Colorado, New York, and Wisconsin from approximately October 2020 through October 2024.

74. As a Technician, Hanes's primary job duties included traveling to ROQ's clients and installing, servicing, and conducting training on ROQ's print screen products and equipment.

75. From October 2020 through December 2023,[4] ROQ misclassified Plaintiff as an independent contractor to avoid paying overtime wages.

---

[4] Despite making no material changes to his employment, in January 2024, ROQ reclassified Hanes as its direct employee and began paying him a salary (with no overtime pay).



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

76. Instead, from October 2020 through December 2023, ROQ paid Hanes according to its illegal day rate pay scheme.

77. Specifically, ROQ paid Hanes $450 to $500 each day he worked, regardless of the number of hours he worked that day or that week.

78. But throughout his employment, Hanes regularly worked overtime.

79. Indeed, throughout his employment, Hanes typically worked 10 to 12 hours a day for 5 to 7 days a week.

80. And ROQ was aware Hanes regularly worked more than 8 hours a day and 40 hours a week because Hanes reported his days and hours worked to ROQ.

81. For example, during the workweek beginning on May 1, 2023, Hanes worked at least 10 hours a day for 6 days a week (or 60 hours) in Santa Ana, California:

| DATE | HOURS |
|---|---|
| 5/1 | 10 |
| 5/4 | 10 |
| 5/5 | 10 |
| 5/6 | 10 |
| 5/7 | 10 |
| 5/8 | 10 |

82. Despite working more than 8 hours each day and 40 hours that week, ROQ did not pay Hanes overtime wages.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

83. Instead, ROQ paid him his flat $500 day rate for each of the 10 days he worked (with no overtime):

**ROQ.US Invoice**

Cory Hanes

| | |
|---|---|
| Invoice No. | 90 |
| Invoice Date: | May 8, 2023 |
| Bill To: | ROQ.US |
| Address: | 11909 NE 65th Street PO BOX#82183( Vancouver, WA |
| Phone: | 1-877-674-8669 |
| E-mail: | accounting@roq.us |

**PROJECT: LIQUID GRAPHICS**
**Santa Ana, CA**

| Description | Units | | Cost Per Unit | | Amount |
|---|---|---|---|---|---|
| Daily Rate for 5/4-5/8 | 5 | $ | 500.00 | $ | 2,500.00 |
| Home Depot | 1 | | 50.630 | $ | 50.63 |
| | | | | $ | - |
| | | | | $ | - |

84. Similarly, from October 11, 2023 through October 22, 2023, Hanes worked at least 10 hours a day for 12 days straight in Atlanta, Georgia.

85. But ROQ only paid Hanes his flat $500 day rate for all 12 days he worked (with no overtime):

**ROQ.US Invoice**

Cory Hanes

| | |
|---|---|
| Invoice No. | 110 |
| Invoice Date: | October 25, 2023 |
| Bill To: | ROQ.US |
| Address: | 11909 NE 65th Street PO BOX#82183( Vancouver, WA |
| Phone: | 1-877-674-8669 |
| E-mail: | accounting@roq.us |

**PROJECT: Printing United**
**ATL**

| Description | Units | | Cost Per Unit | | Amount |
|---|---|---|---|---|---|
| Daily Rate for 10/10 & 10/23 | 2 | $ | 250.00 | $ | 500.00 |
| Daily Rate for 10/11-10/22 | 12 | | 500.00 | $ | 6,000.00 |
| Half Day for Cylinder and Sensor Replacement at Danger Press | 1 | | 250.00 | $ | 250.00 |
| Flight | 1 | | 345.75 | $ | 345.75 |
| Gas for Van | 1 | | 57.63 | $ | 57.63 |



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

86. Likewise, from August 7, 2023 through August 11, 2023, Hanes worked at least 10 hours a day for 5 days in Chicago, Illinois.

87. But ROQ only paid Hanes his flat $500 day rate for all 5 days he worked (with no overtime):

**ROQ.US Invoice**

Cory Hanes

| | |
|---|---|
| Invoice No. | 102 |
| Invoice Date: | August 13, 2023 |
| Bill To: | ROQ.US |
| Address: | 11909 NE 65th Street PO BOX#82183C<br>Vancouver, WA |
| Phone: | 1-877-674-8669 |
| E-mail: | accounting@roq.us |

**PROJECT: A Creations Repo**
**Chicago**

| Description | Units | | Cost Per Unit | | Amount |
|---|---|---|---|---|---|
| Daily Rate for 8/6 | 1 | $ | 250.00 | $ | 250.00 |
| Daily Rate for 8/7-8/11 | 5 | | 500.00 | $ | 2,500.00 |
| Flight | 1 | | 1,029.80 | $ | 1,029.80 |
| | 0 | | | $ | - |
| | 0 | | | $ | - |

88. And from December 17, 2022 through December 23, 2022, Hanes worked at least 10 hours a day for 7 days in New York:

| DATE | HOURS |
|---|---|
| 12/17 | 10 |
| 12/18 | 10 |
| 12/19 | 10 |
| 12/20 | 10 |
| 12/21 | 10 |
| 12/22 | 10 |
| 12/23 | 10 |



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

89. But once again, ROQ only paid Hanes his flat $450 day rate for all 7 days he worked (with no overtime):

**ROQ.US Invoice**

Cory Hanes

| | |
|---|---|
| Invoice No. | 77 |
| Invoice Date: | December 27, 2022 |
| Bill To: | ROQ.US |
| Address: | 11909 NE 65th Street PO BOX#821830<br>Vancouver, WA |
| Phone: | 1-877-674-8669 |
| E-mail: | accounting@roq.us |

**PROJECT: MV Sports**
**New York**

| Description | Units | | Cost Per Unit | | Amount |
|---|---|---|---|---|---|
| Daily Rate for 12/17-12/23 | 7 | $ | 450.00 | $ | 3,150.00 |
| Flights | 1 | | 1,845.40 | $ | 1,845.40 |
| Team Dinners at Hotel x 4 | 1 | | 648.25 | $ | 648.25 |
| Team Coffee/Breakfast | 1 | | 333.22 | $ | 333.22 |
| Uber (to and from Airport) | 1 | | 179.70 | $ | 179.70 |
| | | | | $ | - |
| | | | | $ | - |
| | | | | $ | - |

90. Likewise, from February 10, 2023 through February 18, 2023, Hanes worked at least 10 hours a day for 9 days straight in Denver, Colorado and Diamond Park, California.

91. But under its illegal day rate pay scheme, ROQ only paid Hanes his flat $500 day rate for all 9 days worked (with no overtime):

**ROQ.US Invoice**

Cory Hanes

| | |
|---|---|
| Invoice No. | 82 |
| Invoice Date: | February 19, 2023 |
| Bill To: | ROQ.US |
| Address: | 11909 NE 65th Street PO BOX#82183(<br>Vancouver, WA |
| Phone: | 1-877-674-8669 |
| E-mail: | accounting@roq.us |

**PROJECT: Superior Ink and 50Fifty Productions**
**Denver, Colorado & Diamond Bar, CA**

| Description | Units | | Cost Per Unit | | Amount |
|---|---|---|---|---|---|
| Daily Rate for 2/10-2/18 | 9 | $ | 500.00 | $ | 4,500.00 |
| Flights | 1 | | 970.70 | $ | 970.70 |
| Team Lunches/Groceries | 1 | | 241.27 | $ | 241.27 |
| Home Depot | 1 | | 88.34 | $ | 88.34 |
| Amazon Air Fittings for Superior | 1 | | 19.99 | $ | 19.99 |
| Hotels | 1 | | 1,489.85 | $ | 1,489.85 |
| Uber | 1 | | 187.22 | $ | 187.22 |
| Harbor Freight | 1 | | 54.41 | $ | 54.41 |



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

92. ROQ pays its other Day Rate Workers according to the same illegal day rate pay scheme it imposed on Hanes.

93. That is, ROQ pays its other Day Rate Workers on a day rate basis and fails to pay them overtime when they work more than 8 hours a day or 40 hours a week.

94. Like Hanes, the other Day Rate Workers typically work 10 to 12 hours a day for 5 to 7 days a week (or 50 to 84 hours a week).

95. And like Hanes, the other Day Rate Workers work in accordance with the schedule set by ROQ.

96. Indeed, like Hanes, the other Day Rate Workers report their days and hours worked to ROQ.

97. Despite knowing its Day Rate Workers regularly work overtime, ROQ does not pay them overtime wages.

98. Instead, ROQ pays its Day Rate Workers a flat amount for each day worked, regardless of the number of hours they worked that day (or that workweek) and fails to pay them overtime when they work more than 40 hours a week in willful violation of the FLSA, IMWL, CMWA/CWCA, NYLL and the California Labor Code.

99. Likewise, ROQ pays its Day Rate Workers a flat amount for each day worked, regardless of the number of hours they worked that day and fails to pay them overtime when they work more than 8 hours a day in willful violation of the California Labor Code.

100. ROQ never paid Hanes and its other Day Rate Workers on a "salary basis."

101. ROQ does not pay Hanes and the other Day Rate Workers a guaranteed salary that is not subject to reduction based on the quality or quantity worked.

102. Rather, ROQ only pays Hanes and the other Day Rate Workers their set day rates for the actual days they work.

103. If Hanes and the other Day Rate Workers do not work, they do not get paid.

104. Hanes's and the other Day Rate Workers' day rates do not increase when they work more than 40 hours a week.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

105. Thus, ROQ never paid Hanes and its other Day Rate Workers on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 143 S. Ct. 677, 685 (2023) ("Daily-rate workers, of whatever income level, are paid on a salary basis only through the test set out in § 604(b)"); *see also* 29 C.F.R. § 541.604.

106. Because ROQ fails to pay Hanes and its other Day Rate Workers on a "salary basis," they are non-exempt employees entitled to overtime wages.

107. But ROQ does not pay Hanes and its other Day Rate Workers overtime wages when they work more than 40 hours a week in willful violation of the FLSA, IMWL, CMWA/CWCA, NYLL and the California Labor Code.

108. Likewise, ROQ does not pay its California Day Rate Workers overtime wages when they work more than 8 hours a day in willful violation of the California Labor Code and Wage Orders.

109. In addition to failing to pay Hanes and its other California Day Rate Workers overtime wages, ROQ also deprives these workers of timely, compliant, *bona fide* meal and rest periods.

110. Instead, ROQ requires Hanes and its other California Day Rate Workers to work continuously throughout their shifts, and they are never fully relieved of all their job duties for 30 consecutive minutes (for meal breaks) or 15 consecutive minutes (for rest breaks).

111. ROQ expects and requires Hanes and its other California Day Rate Workers to be available to work during their entire shifts, even during any attempted meal and rest breaks.

112. But ROQ does not pay Hanes and its other California Day Rate Workers premium wages for their missed meal and rest breaks in willful violation of the California Labor Code and Wage Orders.

113. Likewise, because of ROQ's illegal day rate pay scheme (and its failure to provide compliant meal and rest periods or premium pay for missed breaks), ROQ also fails to provide Hanes and its other California Day Rate Workers with accurate,, itemized wage statements in willful violation of the California Labor Code and Wage Orders.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

114. Rather, the wage statements ROQ provides to Hanes and its other California Day Rate Workers are not accurate because they do not reflect the accurate number of hours these employees worked, their gross wages earned, their overtime wages, or their premium pay for missed breaks in willful violation of the California Labor Code and Wage Orders.

**ROQ'S VIOLATIONS WERE WILLFUL & NOT MADE IN GOOD FAITH**

115. ROQ knew it controlled Hanes's and the other Day Rate Workers' rates of pay.

116. ROQ knew it controlled Hanes's and the other Day Rate Workers' method of pay.

117. ROQ knew it controlled Hanes's and the other Day Rate Workers' schedules.

118. ROQ knew it prohibited Hanes and the other Day Rate Workers from straying from ROQ's procedures and other protocols in performing their job duties.

119. ROQ knew it did not require Hanes and the other Day Rate Workers to possess any specialized skillset other than that maintained by all workers in their respective job positions.

120. ROQ knew Hanes's and the other Day Rate Workers' work was integral to ROQ's business operations.

121. ROQ knew its investment in the tools and equipment necessary for Hanes and the other Day Rate Workers to perform their jobs relatively outweighed any investment made by these employees.

122. ROQ knew it did not hire Hanes and the other Day Rate Workers to work on a project-by-project basis.

123. ROQ knew Hanes and the other Day Rate Workers relied on it for work and compensation.

124. ROQ knew it controlled Hanes's and the other Day Rate Workers' opportunity for profit or loss.

125. Thus, ROQ knew, should have known, or recklessly disregarded whether, Hanes and the other Day Rate Workers were ROQ's employees as a matter of economic reality.

126. Nonetheless, ROQ misclassified Hanes and the other Day Rate Workers as independent contractors.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

127. ROQ's decision to misclassify Hanes and the other Day Rate Workers as independent contractors was neither reasonable, nor was it made in good faith.

128. ROQ knew it was subject to the FLSA's, IMWL's, CMWA/CWCA's, NYLL's, and the California Labor Code's (and applicable Wage Order'(s)) respective overtime provisions.

129. ROQ knew the FLSA, IMWL, CMWA/CWCA, NYLL, and the California Labor Code required it to pay non-exempt employees, including Hanes and the other Day Rate Workers, overtime wages at rates of at least 1.5 times their regular rates of pay for all hours worked over 40 in a workweek.

130. ROQ knew the California Labor Code & applicable Wage Order(s) further required it to pay non-exempt employees (including Hands and the other California Day Rate Workers) overtime wages at rates of at least 1.5 times their regular rates of pay for all hours worked over 8 in a workday.

131. ROQ knew the California Labor Code & applicable Wage Order(s) further required it to pay non-exempt employees (including Hands and the other California Day Rate Workers) double time wages at rates of at least 2 times their regular rates of pay for all hours worked over 12 in a workday and/or on the seventh consecutive workday.

132. ROQ knowingly, willfully, and/or in reckless disregard conducted this illegal day rate pay scheme that systematically deprived Hanes and the other California Day Rate Workers of in violation of the California Labor Code and the applicable Wage Order(s) and/or the CMWA/CWCA.

133. ROQ knew Hanes and each Day Rate Worker worked more than 40 hours in at least one workweek during the last 3 years because these employees reported their days and hours worked to ROQ.

134. ROQ also knew Hanes and each California Day Rate Worker worked more than 8 hours in at least one workday during the last 4 years because these employees reported their days and hours worked to ROQ.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

135. ROQ also knew Hanes and each California Day Rate Worker worked more than 12 hours in at least one workday and/or worked a seventh consecutive day in a workweek during the last 4 years because these employees reported their days and hours worked to ROQ.

136. ROQ knew it paid Hanes and the other Day Rate Workers on a daily basis.

137. ROQ knew it paid Hanes and each of the other Day Rate Workers according to its day rate pay scheme, paying them a flat amount for each day worked, regardless of the total number of hours they worked in a workweek (a "day rate").

138. ROQ knew Hanes and the other the Day Rate Workers were paid a day rate (with no overtime for hours worked over 40 a week).

139. ROQ knew it did not pay Hanes and the other Day Rate Workers on a "salary basis." *See* 29 C.F.R. § 541.604.

140. ROQ knew it did not pay Hanes and the other Day Rate Workers any guaranteed salary that was not subject to reduction based on the number of days (and/or hours) they worked.

141. ROQ knew that any base "salary" Hanes and the other Day Rate Workers purportedly received was not "reasonably related" to their actual earnings.

142. Thus, ROQ knew its day rate pay scheme did not satisfy the "salary basis" test.

143. ROQ knew it needed to pass the "salary basis" test to qualify for the exemptions it claimed with respect to Hanes and the other Day Rate Workers.

144. Nonetheless, ROQ uniformly misclassified Hanes and the other Day Rate Workers as exempt from overtime pay.

145. ROQ's decision to misclassify Hanes and the other Day Rate Workers as exempt employees was neither reasonable, nor was it made in good faith.

146. Likewise, ROQ's failure to pay Hanes and the other Day Rate Workers overtime was neither reasonable, nor was ROQ's decision not to pay these employees overtime made in good faith.

147. ROQ knowingly, willfully, and/or in reckless disregard carried out this day rate pay scheme that systematically deprived Hanes and the other Day Rate Workers of overtime for their



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

hours worked over 40 in a workweek in violation of the FLSA, IMWL, CMWA/CWCA, NYLL, and/or the California Labor Code and applicable Wage Order(s).

148. ROQ knowingly, willfully, and/or in reckless disregard carried out this illegal day rate pay scheme that systematically deprived Hanes and the other California Day Rate Workers of overtime wages for their hours worked over 8 in a workday in violation of the California Labor Code and Wage Orders.

149. ROQ knowingly, willfully, and/or in reckless disregard carried out this illegal day rate pay scheme that systematically deprived Hanes and the other California Day Rate Workers of double time wages for their hours worked over 12 in a workday and/or on the seventh consecutive workday in violation of the California Labor Code and the applicable Wage Order(s).

150. ROQ knew the California Labor Code and Wages Orders required it to provide California employees, including Hanes and the other California Day Rate Workers, a 30-minute meal period when they worked more than 5 hours in a day, as well as a second 30-minute meal period when they worked more than 10 hours in a day.

151. ROQ knew Hanes and the other California Day Rate Workers worked continuously throughout their shifts and, therefore, were deprived of compliant *bona fide* meal periods.

152. Thus, ROQ knew it failed to provide Hanes and the other California Day Rate Workers of compliant, timely, and/or *bona fide* meal periods.

153. ROQ's failure to provide Hanes and the other California Day Rate Workers compliant, *bona fide* meal periods was neither reasonable, nor was its decision to deprive these employees of compliant, *bona fide* meal periods made in good faith.

154. ROQ knew the California Labor Code and applicable Wage Order(s) required it to provide California employees, including Hanes and the other California Day Rate Workers, a 10-minute rest period for every 4 hours of work.

155. Nevertheless, ROQ failed to provide Hanes and the other California Day Rate Workers of compliant, *bona fide* rest periods.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

156. ROQ's failure to provide Hanes and the other California Day Rate Workers compliant, *bona fide* rest periods was neither reasonable, nor was its decision to deprive these employees of compliant, timely, and/or *bona fide* rest periods made in good faith.

157. ROQ knew the California Labor Code and applicable Wage Order(s) required it to pay California employees, including Hanes and the other California Day Rate Workers, one hour of premium pay at their regular rates of pay for each workday that a compliant meal and/or rest period was not timely provided.

158. Nevertheless, ROQ failed to pay Hanes and the other California Day Rate Workers one hour of premium pay at their regular rates of pay for each workday that a compliant meal and/or rest period was not timely provided.

159. ROQ's failure to pay Hanes and the other California Day Rate Workers the required premium pay for each day they were deprived compliant meal or rest periods was neither reasonable, nor was its decision not to pay these employees the required premium pay for each day they were deprived compliant meal or rest periods made in good faith.

160. ROQ knew the California Labor Code and Wages Orders require it to provide California employees, including Hanes and the other California Day Rate Workers, with timely, accurate, itemized wage statements.

161. Nevertheless, ROQ failed to provide Hanes and the other California Day Rate Workers with itemized wage statements that accurately reflected their hours worked, gross wages, overtime wages, and/or premium pay for miss breaks.

162. ROQ's failure to provide Hanes and the other California Day Rate Workers with accurate, itemized wages statements was neither reasonable, nor was its decision not to provide accurate, itemized wages statements to these employees made in good faith.

163. ROQ knowingly, willfully, and/or in reckless disregard carried out these illegal policies and practices that deprived Hanes and the Day Rate Workers of overtime wages when they worked more than 40 hours in a workweek.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

164. ROQ knowingly, willfully, and/or in reckless disregard carried out these illegal policies and practices that deprived Hanes and the California Day Rate Workers of (1) overtime wages when they worked more than 8 hours in a workday or 40 hours in a workweek; (2) compliant, *bona fide* meal breaks; (3) compliant, *bona fide* rest breaks; (4) premium pay for missed meal and rest breaks; and (5) accurate, itemized wage statements.

165. ROQ knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA, IMWL, CMWA/CWCA, NYLL, and the California Labor Code and the applicable Wage Order(s).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

166. Hanes brings his FLSA claims as a collective action under Section 216(b) of the FLSA on behalf of himself and the other Day Rate Workers.

167. Hanes brings his state law claims class action(s) pursuant to FED. R. CIV. P. 23 on behalf of himself and the other Day Rate Workers.

168. Like Hanes, ROQ victimized the other Day Rate Workers with its uniform, illegal day rate pay scheme.

169. Other Day Rate Workers worked with Hanes and indicated ROQ paid them in the same manner, they performed similar work, and ROQ subjected them to its uniform, illegal day rate pay scheme.

170. Based on his experience with ROQ, Hanes is aware ROQ imposed its uniform, illegal day rate pay scheme on other Day Rate Workers.

171. The Day Rate Workers are similarly situated in the most relevant respects.

172. Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

173. Any relevant exemption defenses would require ROQ to have paid/pay the Day Rate Workers on a "salary basis."

174. Because ROQ failed/fails the "salary basis" test with respect to the Day Rate Workers, the specific job duties performed by these employees are largely irrelevant.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

175. The only *relevant* inquiry is whether the Day Rate Workers were paid a day rate with no overtime wages when they worked more than 40 hours a week (which, by definition, they were).

176. Therefore, the specific job titles and/or precise job locations of the various Day Rate Workers do not prevent collective treatment.

177. Rather, ROQ's uniform day rate pay scheme renders Hanes and the other Day Rate Workers similarly situated for the purpose of determining each of these employee's right to overtime pay.

178. ROQ's records reflect the number of days and/or hours the Day Rate Workers worked each week.

179. ROQ's records also show it paid the Day Rate Workers a day rate with no overtime wages when they worked more than 40 hours a week.

180. The back-wages owed to Hanes and the other Day Rate Workers can therefore be calculated using the same formula applied to the same records.

181. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to ROQ's records, and there is no detraction from the common nucleus of liability facts.

182. Therefore, the issue of damages does not preclude class or collective treatment.

183. Hanes's experiences are therefore typical of the experiences of the Day Rate Workers.

184. Hanes has no interest contrary to, or in conflict with, the Day Rate Workers that would prevent class or collective treatment.

185. Like each Day Rate Worker, Hanes has an interest in obtaining the unpaid wages owed under federal and state law.

186. Hanes and his counsel will fairly and adequately protect the interests of the Day Rate Workers.

187. Hanes retained counsel with significant experience in handling complex class and collective action litigation.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

188. Absent this class and collective action, many Day Rate Workers will not obtain redress for their injuries, and ROQ will reap the unjust benefits of violating the FLSA and state laws.

189. Further, even if some of the Day Rate Workers could afford individual litigation, it would be unduly burdensome to the judicial system.

190. Indeed, the multiplicity of actions would create hardship to the Day Rate Workers, the Court, and ROQ.

191. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Day Rate Workers' claims.

192. The questions of law and fact that are common to each Day Rate Worker predominate over any questions affecting solely the individual members.

193. Among the common questions of law and fact are:

a. Whether ROQ misclassified Hanes and the other Day Rate Workers as independent contractors;

b. Whether ROQ's day rate pay scheme deprived Hanes and the other Day Rate Workers of overtime wages in violation of the FLSA, IMWL, CMWA/CWCA, NYLL, and the California Labor Code and applicable Wage Order(s);

c. Whether ROQ's decision to misclassify Hanes and the other Day Rate Workers as independent contractors was made in good faith;

d. Whether ROQ's decision not to pay Hanes and the other Day Rate Workers overtime wages was made in good faith; and

e. Whether ROQ's violations were willful.

194. As part of its regular business practices, ROQ intentionally, willfully, and repeatedly violated the FLSA and related state laws with respect to Hanes and the other Day Rate Workers.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

195. There are many similarly situated Day Rate Workers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

196. The Day Rate Workers are known to ROQ, are readily identifiable, and can be located through ROQ's business and personnel records.

## COUNT I
## FAILURE TO PAY OVERTIME UNDER THE FLSA
## (FLSA COLLECTIVE)

197. Hanes brings his FLSA overtime claim as a collective action on behalf of himself and the other FLSA Day Rate Workers pursuant to 29 U.S.C. § 216(b).

198. ROQ violated, and is violating, the FLSA by employing non-exempt employees (Hanes and the other FLSA Day Rate Workers) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

199. ROQ's unlawful conduct harmed Hanes and the other FLSA Day Rate Workers by depriving them of the overtime wages they are owed.

200. Accordingly, ROQ owes Hanes and the other FLSA Day Rate Workers their unpaid overtime wages.

201. Because ROQ knew or showed reckless disregard for whether its day rate pay scheme violated the FLSA, ROQ owes Hanes and the other FLSA Day Rate Workers these wages for at least the past 3 years.

202. ROQ is also liable to Hanes and the other FLSA Day Rate Workers for an amount equal to all their unpaid overtime wages as liquidated damages.

203. Finally, Hanes and the other FLSA Day Rate Workers are entitled to recover all reasonable attorney's fees and costs incurred in this action.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

## Count II
## Failure to Pay Overtime Wages Under the CMWA/CWCA (Colorado Class Only)

204. Hanes brings his CMWA/CWCA overtime claim as a class action on behalf of himself and the other Colorado Day Rate Workers pursuant to FED. R. CIV. P. 23.

205. ROQ's conduct violates the CMWA/CWCA, as implemented by the COMPS Order. *See* C.R.S. §§ 8-4-101, *et seq.*; C.C.R. 1103-1.

206. At all relevant times, ROQ was subject to the CMWA/CWCA, and the COMPS Order because ROQ was (and is) a covered "employer" within the meaning of the CMWA/CWCA, and COMPS Order. *See* C.R.S. § 8-4-101(6); C.C.R. 1103-1(1.6).

207. At all relevant times, ROQ employed Hanes and the other Colorado Day Rate Workers as its covered "employees" within the meaning of the CMWA/CWCA, and COMPS Order. *See* C.R.S. § 8-4101(5); C.C.R. 1103-1(1.5).

208. The CMWA/CWCA (as implemented by the COMPS Order) requires employers (like ROQ) to pay non-exempt employees (including Hanes and the other Colorado Day Rate Workers) overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 12 in a workday and 40 in a workweek. *See* C.C.R. 1103-1(4.1.1).

209. Hanes and the other Colorado Day Rate Workers are entitled to overtime pay under the CMWA/CWCA, and COMPS Order.

210. ROQ violated, and is violating, the CMWA/CWCA (as implemented by the COMPS Order) by failing to pay Hanes and the other Colorado Day Rate Workers overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 12 in a workday and 40 in a workweek. *See* C.C.R. 1103-1(4.1.1).

211. ROQ's unlawful conduct harmed Hanes and the other Colorado Day Rate Workers by depriving them of the overtime wages they are owed.

212. Accordingly, Hanes and the other Colorado Day Rate Workers are entitled to recover their unpaid overtime wages. *See* C.R.S. § 8-4-109(3); C.C.R. 1103-1(8.1).



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

213. Because ROQ's failure to pay these overtime wages was willful, ROQ is also liable to Hanes and the other Colorado Day Rate Workers for treble damages in the amount of three times their unpaid overtime wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(3)(b)(II).

214. Finally, Hanes and the other Colorado Day Rate Workers are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110; C.C.R. 1103-1(8.1).

**<u>COUNT III</u>**
**FAILURE TO PAY OVERTIME UNDER THE IMWL**
**(ILLINOIS CLASS ONLY)**

215. Hanes brings his IMWL overtime claim as a class action on behalf of himself and the other Illinois Day Rate Workers pursuant to FED. R. CIV. P. 23.

216. ROQ's conduct violates the IMWL (820 ILCS 105/1, *et seq.*).

217. At all relevant times, ROQ was an "employer" subject to the requirements of the IMWL.

218. At all relevant times, ROQ employed Hanes and the Illinois Day Rate Workers as "employees" within the meaning of the IMWL.

219. At all relevant times, Hanes and the other Illinois Day Rate Workers were entitled to overtime pay under the IMWL.

220. The IMWL requires employers (like ROQ) to pay non-exempt employees (including Hanes and the Illinois Day Rate Works) at a rate not less than 1.5 times their respective regular rate of pay for hours worked over 40 hours in any one week.

221. ROQ violated, and is violating, the IMWL by employing non-exempt employees (Hanes and the other Illinois Day Rate Workers) for weeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 a week. *See* 820 ILCS 105/12.

222. ROQ's unlawful conduct harmed Hanes and the other Illinois Day Rate Workers by depriving them of the overtime wages they are owed.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

223. Accordingly, Hanes and the other Illinois Day Rate Workers are entitled to recover their unpaid overtime, treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

**COUNT IV**
**FAILURE TO PAY OVERTIME WAGES UNDER THE NYLL**
**(NEW YORK CLASS ONLY)**

224. Hanes brings his NYLL claim as a class action on behalf of himself and the other New York Day Rate Workers pursuant to FED. R. CIV. P. 23.

225. ROQ's conduct violates the NYLL and its implementing regulations. *See* NYLL §§ 190, *et seq.*; 12 NYCRR §§ 142, *et seq.*

226. At all relevant times, ROQ was subject to the NYLL because ROQ was (and is) a covered "employer" within the meaning of the NYLL. *See* NULL §§ 190(3) and 651(6).

227. At all relevant times, ROQ employed Hanes and the other New York Day Rate Workers as its covered "employees" within the meaning of the NYLL. *See* NYLL §§ 190(2) and 651(5).

228. The NYLL and its implementing regulations require employers, like ROQ, to pay non-exempt employees, including Hanes and the other New York Day Rate Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek. *See* 12 NYCRR Part 142-3.2; *see also* NYLL §§ 190 and 650.

229. Hanes and the other New York Day Rate Workers are entitled to overtime pay under the NYLL and its implementing regulations.

230. Hanes's and the other New York Day Rate Workers' unpaid overtime wages are recoverable "wages" under the NYLL. *See* NYLL § 190(1).

231. ROQ violated, and is violating, the NYLL and its implementing regulations by failing to pay Hanes and the other New York Day Rate Workers overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek. *See* 12 NYCRR Part 142-3.2; *see also* NYLL §§ 190 and 650.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

232. ROQ's unlawful conduct harmed Hanes and the other New York Day Rate Workers by depriving them of the overtime wages they are owed.

233. As outlined *supra*, in violating the NYLL, ROQ acted willfully, without a good faith basis, and with reckless disregard of clearly applicable New York law.

234. Accordingly, Hanes and the other New York Day Rate Workers are entitled to recover their unpaid overtime wages plus liquidated damages in an amount equal to their unpaid wages, as well as interest on those amounts at the highest applicable rates. *See* NYLL §§ 198(1-a) and 663(1).

235. Finally, Hanes and the other New York Day Rate Workers are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action. *See* NYLL §§ 198(4) and 663(1).

**COUNT V**
**FAILURE TO PAY OVERTIME & DOUBLE TIME WAGES UNDER THE CALIFORNIA LABOR CODE**
**(CALIFORNIA CLASS ONLY)**

236. Hanes brings his California Labor Code and applicable Wage Order(s) claims as a class action on behalf of himself and the other California Day Rate Workers pursuant to FED. R. CIV. P. 23.

237. ROQ's conduct violates the overtime and double time provisions of the California Labor Code and applicable Wage Order(s). *See* CAL. LAB. CODE §§ 510(a), 1194(a), and 1198; IWC Wage Order 1-2001(a)(A)(1) & (3).

238. At all relevant times, ROQ was subject to the California Labor Code because ROQ was (and is) a covered "employer" within the meaning of the California Labor Code and applicable Wage Order(s).

239. At all relevant times, ROQ employed Hanes and the other California Day Rate Workers as its covered "employees" within the meaning of the California Labor Code and applicable Wage Order(s).

240. Section 510(a) of the California Labor Code provides:



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

241. IWC Wage Order 1-2001(a)(A)(1) & (3) provide that employees:

> …shall not be employed more than eight (8) hours in any workday or more than 40 in a workweek unless the employee receives one and one half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek…

242. Section 1194(a) of the California Labor Code further provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

243. Section 1198 of the California Labor Code makes it unlawful for employers (like ROQ) to employ employees (like Hanes and the other California Day Rate Workers) under conditions that violate the applicable Wage Order(s).

244. Hanes and the other California Day Rate Workers are entitled to overtime (and double time) pay under the California Labor Code and the applicable Wage Order(s).

245. ROQ violated, and is violating, the California Labor Code and applicable Wage Order(s) by failing to pay Hanes and the other California Day Rate Workers overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 8 in a workday and 40 in a workweek.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

246. ROQ also violated, and is violating, the California Labor Code and applicable Wage Order(s) by failing to pay Hanes and the other California Day Rate Workers double time wages at rates not less than 2 times their regular rates of pay for all hours worked over 12 in a workday and/or for hours worked on any seventh consecutive workday.

247. ROQ's unlawful conduct harmed Hanes and the other California Day Rate Workers by depriving them of the overtime and/or double time wages they are owed.

248. Accordingly, Hanes and the other California Day Rate Workers are entitled to recover their unpaid overtime and/or double time wages plus liquidated damages in an amount equal to their unpaid wages, as well as interest on those amounts at the highest applicable rates.

249. Finally, Hanes and the other California Day Rate Workers are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action.

## COUNT VI
## FAILURE TO AUTHORIZE, PERMIT, AND/OR MAKE AVAILABLE MEAL AND REST PERIODS UNDER THE CALIFORNIA LABOR CODE (CALIFORNIA CLASS ONLY)

250. Hanes brings his California Labor Code and applicable Wage Order(s) claims as a class action on behalf of himself and the other California Day Rate Workers pursuant to FED. R. CIV. P. 23.

251. ROQ's conduct violates the meal and rest break provisions of the California Labor Code and applicable Wage Order(s). *See* CAL. LAB. CODE §§ 226.7 and 512.

252. At all relevant times, ROQ was subject to the California Labor Code because ROQ was (and is) a covered "employer" within the meaning of the California Labor Code and applicable Wage Order(s).

253. At all relevant times, ROQ employed Hanes and the other California Day Rate Workers as its covered "employees" within the meaning of the California Labor Code and applicable Wage Order(s).



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

254. Sections 226.7 and 512 of the California Labor Code and the applicable Wage Order(s) require employers (like ROQ) to authorize and permit meal and rest periods to their employees (including Hanes and the other California Day Rate Workers).

255. Sections 226.7 and 512 of the California Labor Code and the applicable Wage Order(s) prohibit employers (like ROQ) from employing employees (including Hanes and the other California Day Rate Workers) for more than 5 hours without a meal period of not less than 30 minutes, and from employing an employee more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

256. Section 226.7 of the California Labor Code and the applicable Wage Order(s) further require employers (like ROQ) to authorize and permit employees (including Hanes and the other California Day Rate Workers) to take 10 minutes of net rest time per 4 hours (or major fraction thereof) of work, and to pay employees their full wages during those rest periods.

257. Unless employees (including Hanes and the other California Day Rate Workers) are relieved of all duty during their 30-minute meal period(s) and their 10-minute rest period(s), the employees are considered "on duty," and the meal or rest period is counted as time worked under the applicable Wage Order(s).

258. Under Section 226.7(b) of the California Labor Code and applicable Wage Order(s), an employer (like ROQ) who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the aggrieved employee 1 hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized or permitted.

259. Similarly, an employer (like ROQ) must pay an employee denied a required rest period 1 hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized, permitted, and/or not made available.

260. ROQ violated, and is violating, the meal and rest period provisions of the California Labor Code and applicable Wage Order(s) by knowingly and willfully refusing to perform its obligations to authorize, permit, and/or make available to Hanes and the other California Day Rate Workers the ability to take the off-duty meal and rest periods to which they are entitled.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

261. ROQ also violated, and is violating, the meal and rest period provisions of the California Labor Code and applicable Wage Order(s) by failing to pay Hanes and the other California Day Rate Workers 1 hour of pay for each off-duty meal and/or rest period they are denied.

262. ROQ's unlawful conduct harmed Hanes and the other California Day Rate Workers by depriving them of the off-duty meal and rest periods they are owed.

263. Likewise, ROQ's unlawful conduct harmed Hanes and the other California Day Rate Workers by depriving them of the premium pay for each deprived meal and/or rest period they are owed.

264. Accordingly, Hanes and the other California Day Rate Workers are entitled to compensation for ROQ's failure to authorize, permit, and/or make available meal and rest periods, plus interest.

265. Finally, Hanes and the other California Day Rate Workers are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action.

## COUNT VII
## FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS UNDER THE CALIFORNIA LABOR CODE (CALIFORNIA CLASS ONLY)

266. Hanes brings his California Labor Code and applicable Wage Order(s) claims as a class action on behalf of himself and the other California Day Rate Workers pursuant to FED. R. CIV. P. 23.

267. ROQ's conduct violates the wage statement provisions of the California Labor Code and applicable Wage Order(s). *See* CAL. LAB. CODE § 226; IWC Wage Order 1-2001(7).

268. At all relevant times, ROQ was subject to the California Labor Code because ROQ was (and is) a covered "employer" within the meaning of the California Labor Code and applicable Wage Order(s).

269. At all relevant times, ROQ employed Hanes and the other California Day Rate Workers as its covered "employees" within the meaning of the California Labor Code and applicable Wage Order(s).



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

270. Section 226(a) of the California Labor Code provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

271. IWC Wage Order 1-2001(7) establishes similar wage statement requirements.

272. Section 226(e) of the California Labor Code further provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

273. ROQ violated the wage statement provisions of the California Labor Code and applicable Wage Order(s) by failing to provide timely, accurate itemized wage statements to Hanes and the other California Day Rate Workers. *See* CAL. LAB. CODE § 226; IWC Wage Order 1-2001(7).

274. Specifically, the wage statements ROQ provides to Hanes and the other California Day Rate Workers do not accurately reflect the actual hours worked, actual gross wages earned, premium pay earned, or actual net wages earned.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

275. Accordingly, Hanes and the other California Day Rate Workers are entitled to the recovery available under Section 226(e) of the California Labor Code described above, including their reasonable attorney's fees, costs, and expenses.

**COUNT VIII**
**WAITING TIME PENALTIES UNDER THE CALIFORNIA LABOR CODE**
**(CALIFORNIA CLASS ONLY)**

276. Hanes brings his California Labor Code and applicable Wage Order(s) claims as a class action on behalf of himself and the other California Day Rate Workers pursuant to FED. R. CIV. P. 23.

277. ROQ's conduct violates the waiting time provisions of the California Labor Code and applicable Wage Order(s). *See* CAL. LAB. CODE §§ 201-203.

278. At all relevant times, ROQ was subject to the California Labor Code because ROQ was (and is) a covered "employer" within the meaning of the California Labor Code and applicable Wage Order(s).

279. At all relevant times, ROQ employed Hanes and the other California Day Rate Workers as its covered "employees" within the meaning of the California Labor Code and applicable Wage Order(s).

280. Section 201 of the California Labor Code provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

281. Section 202 of the California Labor Code provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

282. Section 203 of the California Labor Code provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

> same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

283. Hanes and some of the California Day Rate Workers left their employment with ROQ during the statutory period, at which time ROQ owed them unpaid wages.

284. These earned, but unpaid, wages derive from the unpaid overtime, double time, and/or premium pay for missed meal and rest breaks ROQ owes to Hanes and the other California Day Rate Workers.

285. ROQ willfully refused, and continues to refuse, to pay Hanes and the other California Day Rate Workers who have left their employment all wages due and owing to them (in the form of overtime, double time, and premium pay) upon the end of their employment because of ROQ's day rate pay scheme.

286. As a result of ROQ's unlawful conduct, Hanes and the other California Day Rate Workers have suffered, and continue to suffer, substantial losses, including lost earnings and interest.

287. ROQ's failure to pay Hanes and the other California Day Rate Workers the wages due and owing constitute a violation of Sections 201-202 of the California Labor Code.

288. As a result, ROQ is liable to Hanes and the other California Day Rate Workers for all penalties owed pursuant to Sections 201-202 of the California Labor Code.

289. Additionally, Section 203 of the California Labor Code provides that an employee's wages will continue as a penalty up to 30 days from the time the wages were due. Therefore, Hanes and the California Day Rate Workers are entitled to penalties pursuant to Section 203 of the California Labor Code, plus interest.

## COUNT IX
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE
## (CALIFORNIA CLASS ONLY)

290. Hanes brings his California Business and Professions Code claim as a class action on behalf of himself and the other California Day Rate Workers pursuant to FED. R. CIV. P. 23.

291. California Business and Professions Code §§ 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

292. Section 17204 of the California Business and Professions Code allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

293. Section 90.5(a) of the California Labor Code states it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

294. Beginning at an exact date unknown to Hanes, but at least since the date of 4 years prior to the filing of this Action, ROQ has committed acts of unfair competition as defined by the UCL, be engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. Violations of Labor Code § 510 and IWC Wage Order 4-2001 pertaining to overtime;

b. Violations of Labor Code §§ 226.7 and 512 and Wage Order 4-2001 pertaining to meal and rest periods;

c. Violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

d. Violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

295. ROQ's violations of these laws and regulations, as well as the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, et seq.

296. ROQ's acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq*.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

297. Among other things, ROQ's acts and practices have taken from Hanes's and the other California Day Rate Workers' wages rightfully earned from them, while enabling ROQ to gain an unfair competitive advantage over law-abiding employers and competitors.

298. Section 17203 of the California Business and Professions Code provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

299. Injunctive relief is necessary and appropriate to prevent ROQ from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

300. As a direct and proximate result of the ROQ's acts and practices described in this Complaint, Hanes and the other California Day Rate Workers have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

301. Section 17203 of the California Business and Professions Code provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

302. Accordingly, Hanes and the other California Day Rate Workers are entitled to restitution pursuant to Section 17203 of the California Business and Professions Code for all wages and payments unlawfully withheld from them during the 4-year period prior to the filing of this Complaint.

303. Hanes's success in this action will enforce important rights affecting the public interest and in that regard Hanes sues on behalf of himself as well as others similarly situated.

304. Hanes and the other California Day Rate Workers seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

305. Hanes takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right and it would be against the interests of justice to penalize Hanes by forcing him to pay attorney's fees from the recovery in this action.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

306. Finally, Hanes and the other California Day Rate Workers are also entitled to recover their reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5 (and otherwise).

## JURY DEMAND

307. Hanes demands a trial by jury on all Counts.

## RELIEF SOUGHT

WHEREFORE, Hanes, individually and on behalf of the other Day Rate Workers, seeks the following relief:

(a) An Order designating this lawsuit as a collective action and authorizing notice to the Day Rate Workers allowing them to join this action by filing a written notice of consent;

(b) An Order certifying this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

(c) An Order appointing Hanes and his counsel to represent the interests of the Day Rate Workers;

(d) An Order finding ROQ liable to Hanes and the other FLSA Day Rate Workers for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

(e) An Order finding ROQ liable to Hanes and the other Illinois Day Rate Workers for all unpaid overtime wages owed under the IMWL, treble damages, plus monthly statutory damages;

(f) An Order finding ROQ liable to Hanes and the other Colorado Day Rate Workers for all unpaid overtime wages owed under the CMWA/CWCA, and the COMPS Order, plus treble damages in an amount equal to three times their unpaid wages;

(g) An Order finding ROQ liable to Hanes and the other New York Day Rate Workers for all unpaid overtime wages owed under the NYLL, plus liquidated



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

damages in an amount equal to their unpaid wages;

(h) An Order finding ROQ liable to Hanes and the other California Day Rate Workers for all unpaid overtime and double time wages owed under the California Labor Code and applicable Wage Order(s), plus liquidated damages in an amount equal to their unpaid wages;

(i) An Order finding ROQ liable to Hanes and the other California Day Rate Workers for failing to provide them with *bona fide* meal and rest periods plus all available statutory penalties owed under the California Labor Code and applicable Wage Order(s);

(j) A Judgment against ROQ awarding Hanes and the other Day Rate Workers all unpaid wages, liquidated damages, treble damages, compensatory damages, employee benefits, restitution, earnings, monthly statutory damages, penalty wages, waiting time penalties, and any other penalties available under the FLSA, IMWL, CMWA/CWCA, NYLL, and/or the California Labor Code & applicable Wage Order(s), plus interest on all those amounts at the highest applicable rate(s);

(k) Preliminary, permanent, and mandatory injunctive relief prohibiting ROQ, their officers, agents, and all those acting in concert with them from committing in the future those violations of law alleged in this Complaint;

(l) An award of interest on all amounts at the highest rate allowable by law;

(m) An Order awarding attorney's fees, costs, and expenses; and

(n) All such other and further relief as may be necessary and appropriate.



HKM EMPLOYMENT ATTORNEYS, LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

Dated: December 1, 2025

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Jason A. Rittereiser*
Jason A. Rittereiser
WSBA No. 43628
Daniel Kalish
WSBA No. 36815
600 Stewart Street, Suite 901
Seattle, Washington 98101
Phone: (206) 838-2504
Fax: (206) 260-3055
Emails: jrittereiser@hkm.com
dkalish@hkm.com

By: */s/ Taylor A. Jones*
Taylor A. Jones*
TX Bar No. 24107823
1201 Fannin Street, Suite 202
Houston, Texas 77002
Phone: (832) 446-9403
Fax: (832) 356-2684
Email: tjones@hkm.com

**Pro Hac Vice Forthcoming*

**ATTORNEYS FOR HANES AND THE OTHER DAY RATE WORKERS**